Filed 11/18/25  P. v. Russell CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B342025 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA052902) |
| v. | |
| COREY THEODORE RUSSELL, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Corey Theodore Russell, in pro. per.; Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Corey Theodore Russell appeals from the superior court's order denying his postjudgment petition for resentencing under Penal Code section 1172.6.[1]  We appointed counsel to represent Russell on appeal.  After reviewing the record, counsel for Russell filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) that did not identify any arguable issues.  Russell then filed a supplemental brief that does not raise any cognizable issues regarding the denial of his section 1172.6 petition.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Russell's Conviction of Second Degree Murder*

We described the factual background of this case in Russell's direct appeal.  (See *People v. Russell* (July 20, 2005, B172100) [nonpub. opn.].)  On September 4, 2002, Samuel Briggs was having a family birthday party in Los Angeles.  Russell came to the party and became involved in an argument with another partygoer.  The two argued loudly, and after a few minutes Russell announced he was "going home to get his shit," which bystanders understood to mean that Russell was going home to get a weapon.  Russell rode away on his bicycle.

Approximately 10 minutes later Russell returned to the party.  Several party attendees spoke with Russell outside to ensure that there would be no problems and invited Russell back into the party.  After Russell responded, "Everything [is] cool," and the others turned to return to the party, Russell began firing a gun.  Briggs was hit in the back by a bullet and died as a result

_____

[1]      Statutory references are to the Penal Code.

2

of the gunshot wound.  Russell fled to his nearby home, where he hid in the attic until the police apprehended him.

Russell was charged with murder (§ 187, subd. (a)) and firearm enhancement allegations (§ 12022.53, subds. (b), (c), (d)). The jury convicted Russell of second degree murder and found true the allegation that he personally and intentionally discharged a firearm, causing death.  (§ 12022.53, subd. (d).)  The trial court sentenced Russell to 15 years to life in prison for the murder and 25 years to life in prison for the firearm enhancement, for a total sentence of 40 years to life.  This court affirmed in a 2005 unpublished decision.  (*People v. Russell*, *supra*, B172100.)

B.    *Russell's Petition for Resentencing Under Section 1172.6*

On April 13, 2023 Russell, representing himself, filed a form petition for resentencing under section 1172.6, checking boxes on a form petition stating he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019.  The superior court appointed counsel for Russell.

The People filed a response arguing Russell was ineligible for relief because Russell "personally and intentionally discharged a firearm which proximately caused death" to Briggs. Further, "[t]he jury was not instructed on felony murder, natural and probable consequences or any other theory of culpability that imputed malice to Petitioner based solely on Petitioner's participation in a crime.  The jury was not instructed on aiding and abetting.  Petitioner was prosecuted as the actual perpetrator who acted with actual malice and therefore cannot avail himself of the relief" under section 1172.6.  Attached to the

3

opposition were the jury instructions given at Russell's trial, our unpublished opinion in Russell's direct appeal, and the jury's verdict forms.

In his reply brief, Russell argued he was eligible for relief under section 1172.6 because "[t]he jury was instructed . . . on CALJIC [No.] 8.11, 'Malice Aforethought' [d]efined, which provided for express or implied malice as the basis for conviction for murder and murder based on the natural and probable consequences of an act dangerous to human life. . . . The jury was further instructed on CALJIC No. 8.65, transferred intent, which permitted the intent to kill a person to be transferred to another person killed. . . . These instructions, as given, can run afoul of [section 1172.6]."

At the hearing, counsel for Russell acknowledged that Russell was prosecuted as the actual shooter but argued "he shot into a group at a party, and the person that was struck was not— it wasn't proven there was any animosity or intent to hit that particular person." The People argued "[t]he jury found he had the intent to kill," and the doctrine of transferred intent was "still good law." (See *People v. Lopez* (2024) 99 Cal.App.5th 1242, 1250 [rejecting defendant's argument the Legislature intended to abrogate the doctrine of transferred intent in enacting section 1172.6]; accord, *People v. Nguyen* (2024) 103 Cal.App.5th 668, 684.) On September 18, 2024 the superior court denied the petition, finding Russell failed to make a prima facie showing of entitlement to relief. The superior court found that "[d]efendant was convicted of second degree murder. It was found true that he personally used a firearm inflicting injury. This was not a case in which the jury was instructed regarding felony murder. There

4

were no natural and probable consequences instructions given." Russell timely appealed.

## DISCUSSION

We appointed counsel to represent Russell on appeal from the denial of his postjudgment petition. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Russell that he was filing a brief stating he was unable to find any arguable issues and that Russell had a right to file a supplemental brief. Appointed counsel also sent Russell a copy of the record on appeal.

We received a handwritten five-page supplemental brief from Russell. In his supplemental brief, Russell claims that his court-appointed counsel in this appeal had not provided proper representation because counsel failed to challenge the improper jury instructions given at trial. Russell contends the trial court violated his due process rights by failing to "instructing the jury with CALJIC No. 5.17, the principal instruction on unreasonable self-defense as it applies on homicide, the court read a version applying the concept of unreasonable self-defense to an attempt to kill thus reducing attempted murder to attempted voluntary manslaughter . . . the court also instructed the jury with CALJIC Nos. 8.40 and 8.50 that apply unreasonable self-defense to a completed homicide not merely an attempt." Russell further argues that Dr. Douglas Allen, the psychologist who performed a psychological evaluation and neuropsychological testing on Russell and testified in his defense at trial, "was prevented from testifying about how [Russell's] mental retardation and life experience of being shot work[ed] together to contribute to his

5

misperception of [the] event." Finally, Russell claims that the imposition of the firearm enhancement violated the double jeopardy clause.[2]

Effective 2019, the Legislature eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e). Section 189 requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and acted with reckless indifference to human life. (See *People v. Curiel* (2023) 15 Cal.5th 433, 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Strong*, at p. 708; *People v. Cody* (2023) 92 Cal.App.5th 87, 105.)

Section 1172.6, however, does not allow a petitioner to raise new arguments that are not based on changes made by Senate Bill No. 1437. (See *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) In other words,

---

[2] The issues of imperfect self-defense, exclusion of expert testimony, and double jeopardy were raised and rejected in Russell's direct appeal. (See *People v. Russell*, *supra*, B172100.)

"[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord, *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal"]; *People v. Flint* (2022) 75 Cal.App.5th 607, 614.) The issues Russell raises in his supplemental brief—that the jury instructions on self-defense were improper, that his expert witness was prevented from testifying at trial about certain subject matter, and that his sentence violates the double jeopardy clause—are outside the scope of section 1172.6 and not properly raised in this appeal.

To the extent Russell's supplemental brief further argues that he received ineffective assistance of appellate counsel, Russell does not have a constitutional right to effective assistance of appellate counsel in this review of the denial of his section 1172.6 petition. (See *Delgadillo, supra*, 14 Cal.5th at p. 224 [defendant's appeal from denial of section 1172.6 petition does not "implicate a constitutional right to counsel"].) In any event, because the arguments Russell claims his appellate counsel should have pursued are not cognizable in this appeal from the denial of his section 1772.6 petition, his appellate counsel's failure to raise those issues was not deficient representation and did not prejudice Russell. (See *People v. Lucero* (2000) 23 Cal.4th 692, 732 [counsel does not render deficient performance by failing to raise meritless issues].)

Because no cognizable legal issues have been raised by appellate counsel or by Russell in his supplemental brief, the order denying the petition for resentencing is affirmed. (See *Delgadillo, supra*, 14 Cal.5th at pp. 231-232.)

7

## DISPOSITION

The order is affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.